Receipt number AUSFCC-6226063

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| DANIEL W. LOWRY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. **20-682 C** |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

## **COMPLAINT**

Plaintiff through counsel, alleges as follows:

1.      Plaintiff, Daniel W. Lowry, brings this action for monetary damages and correction of

military records.

2.      Defendant has wrongfully discharged Mr. Lowry from active duty with general under

honorable conditions characterization of service. As of the date of his separation, Mr.

Lowry has served for approximately 19 years and 3 months in the Oregon Army National

Guard and U.S. Navy.

## I.  INTRODUCTION

1.      Plaintiff, Daniel W. Lowry, a former Sailor, files this complaint pursuant to the Rules of

the United States Court of Federal Claims. Rule 7(a)(1) (July 1, 2019).

2.      Plaintiff respectfully requests that his military records be corrected to show that he was

not discharged on March 3, 2016, but continued to serve without interruption on active

duty.

3.    The Defendant's actions violate the Military Pay Act, 37 U.S.C. § 204 ("Act"), other

sections under Title 10, and the Department of Defense Instruction and the Navy Military

Personnel Manual ("MILPERSMAN").

4.    As relief, Plaintiff respectfully requests military back pay and benefits, monetary

damages, correction of military records in accordance with the applicable laws and

regulations, to be credited with approximately 9 months of service toward his retirement

and reasonable incurred attorney fees.

## II.  JURISDICTION

5.    The U. S. Court of Federal Claims has jurisdiction to hear 'any claim against the United

States found either upon the Constitution, or any Act of Congress or any regulation of an

executive department, or upon any express or implied contract with the United States, or

for liquidated or unliquidated damages in cases not sounding in tort.' 28 U.S.C. §

1491(a)(1).

6.    The Tucker Act waives the sovereign immunity of the United States to allow a suit for

money damages. *United States v. Mitchell*, 463 U.S. 206, 212 (1983).

7.    The Military Pay Act confers on Mr. Lowry the right to the pay of the rank he was

appointed to up until he has been properly separated from his service. *Holley v. United

States,* 124 F.3d 1462, 1465 (Fed. Cir. 1997) *citing Sanders v. United States*, 594 F.2d

804, 810 (Fed. Cir. 1979).

8.    Accordingly, the Act allows the U.S. Court of Federal Claims to hear a suit when the

military violates its own laws and denies military pay.

9.    Here, Mr. Lowry seeks relief because he asserts that he has been unlawfully discharged.

10.   Claims for back pay based on the Act are within the jurisdiction of this Court. *Straughter

v. United States*, 120 Fed. Cl. 119, 123 (Fed. Cir. 2015).

11.     In addition, the U.S. Court of Federal Claims has jurisdiction to order the correction of

military records 'as an incident of and collateral to' an award of monetary damages. See

*Voge v. United States*, 844 F.2d 776, 781 (Fed. Cir 1988).

12.     Here, incorrect military records denied Mr. Lowry his military pay and led to discharge.

13.     All claims filed pursuant to the Tucker Act are subject to a six-year statute of limitations.

### III.  PARTIES

14.     Plaintiff, Daniel W. Lowry, is a wrongfully discharged Sailor from the U.S. Navy with

approximately 19 years and 3 months of service.

15.     He currently lives in West Lake Village, California. He sues in his own right.

16.     The United States is the Defendant because the Department of the Navy is a military

department of the Department of Defense under 10 U.S.C. § 101(a)(7), and the

Department of Defense is an executive department of the United States under 5 U.S.C. §

101.

### IV.  STATEMENT OF FACTUAL ASSERTIONS

**IV.A. Military Service From August 30, 1994 to March 3, 2016**

17.     In 1994, Plaintiff enlisted in Oregon Army National Guard at the age of 17.

18.     In 1996, Plaintiff enlisted in the Navy.

19.     His served in the Navy as an underwater construction technician.

20.     During the initial stages of the 2003 Operation Iraqi Freedom, Plaintiff deployed with a

Marine Expeditionary Force to Iraq.

21.     His unit was responsible for securing bridges and ensuring that M1A2 tanks and other

armored vehicles could safely cross bridges on their way to Baghdad.

22.     This required Plaintiff and his unit to stay ahead of the main Coalition Force.

23.     His unit conducted day and night operations and regularly engaged Iraqi forces either through small arms fire, mortar fire, or artillery fire.

24.     His unit lost 11 Marines and Plaintiff observed many dead Iraq soldiers and civilians.

25.     While serving in the Navy, Plaintiff pled guilty to driving under the influence in 2001 and 2010. His 2010 conviction was dismissed and expunged in 2012.

26.     During his service, Plaintiff received multiple awards and decorations including five Navy and Marine Corps Achievement Medals, one Combat Action Ribbon, one Navy and Marine Corps Commendation Medal, five Good Conduct Medals, one Presidential Unit Citation, one National Defense Service Medal, one Iraqi Campaign Medal with Bronze Star, one Global War on Terrorism Expeditionary Medal, one Global War on Terrorism Service Medal, one Korea Defense Service Medal, three Sea Service Deployment Ribbons, one Navy Arctic Service Ribbon, one Navy Expert Rifleman Medal, one Navy Pistol Shot Marksmanship Ribbon with Bronze 'S' Device, two Flag Letters of Commendation, one Enlisted Seabee Combat Warfare Specialist Breast Insignia, and one Diving Salvage Warfare Breast Insignia among others. (Exhibit 1)

27.     After the deployment, Plaintiff constantly felt tired, anxious and alert.

28.     Plaintiff continued to serve and reenlist. On April 15, 2012, he reenlisted for five years and the expiration of his active obligated service was scheduled for April 14, 2017.

**IV.B. Divorce Proceedings**

29.     In 2013, Plaintiff and his spouse decided to get divorced.

30.     In conjunction with their divorce proceedings, his spouse notified his unit that he was unfaithful with someone who was under the legal age of consent.

31.     On November 7, 2013, the unit initiated an investigation concerning her allegations.

32.     Separately, the investigation found that Plaintiff had several arrests without any final

        dispositions, and several driving under the influence convictions in 2001 and 2010.

33.     In early 2014 the unit closed the investigation because Plaintiff's spouse refused to

        cooperate to corroborate her allegation.

## IV.C. Adverse 2014 Performance Evaluation

34.     On September 15, 2014, Plaintiff's unit gave him an adverse evaluation for failing to

        report his 2010 conviction.

35.     On November 25, 2014, Plaintiff responded that he was not required to report his

        conviction because in *United States v. Serianne*, 69 M.J. 8 (2010) the U.S. Court of

        Appeals for the Armed Forces found the Navy's reporting requirement was

        unconstitutional.

36.     Plaintiff argued that based on this ruling, Navy amended its reporting requirements in

        2011 with naval administrative message NAVADMIN 373/11, CHANGE TO U.S.

        NAVY REGULATIONS IN LIGHT OF U.S. V. SERIANNE. (Exhibit 2)

37.     The new guidance stated that commanders shall not impose disciplinary action for failure

        to self-report an arrest or criminal charges prior to issuance of this message.

## IV.D. Administrative Separation Board Proceedings

38.     In late 2014, Plaintiff's unit initiated administrative separation board proceedings against

        him.

39.     The unit listed two reasons for separation. The first reason was the commission of a

        serious offense found in the criminal investigation related to the allegation of adultery

        with someone below the legal age of consent. The second reason were the 2001 and 2010

        convictions.

40.     On August 22, 2014, the Navy screened Plaintiff for alcohol and substance abuse.

41.    The screening found that Plaintiff did not appear to meet the DSM IV criteria for alcohol abuse or dependency.

42.    The screening also found that that the level of treatment for Plaintiff was to return him to his unit and no further action was required.

43.    Plaintiff's unit received the screening results but did not provide them to him.

44.    On October 31, 2014, Plaintiff's unit provided to him the court minute orders for his 2001 and 2010 cases. The unit also stated that any 'additional documentation evidence received by the command will be forwarded to counsel for respondent as soon as possible.' (Exhibit 3)

45.    On February 2, 2015, Plaintiff's detailed defense counsel filed a discovery request asking for, among others 'any information relevant to this case.' (Exhibit 4)

46.    The recorder detailed to the separation board to represent Defendant was not a lawyer within the meaning of Article 27 (b), Uniform Code of Military Justice.

47.    Article 27(b) generally states that trial counsel must be a judge advocate who is a graduate of an accredited law school or a member of the bar of a Federal Court, or the highest court of a State and must be certified as competent to perform such duties by the Judge Advocate General of the armed forces of which he is a member.

48.    For the next 22 days the unit and the recorder failed to provide the Navy's favorable screening results to Mr. Lowry.

49.    The board was scheduled for February 24, 2015.

50.    Mr. Lowry submitted 11 exhibits consisting of approximately 80 pages. He did not submit the Navy's favorable screening results because the unit withheld them from him.

51.    Defendant did not introduce them during the hearing.

52.    On February 24, 2015 the administrative separation board made its findings and recommendations. (Exhibit 5)

53.    The board voted 3 to 0 that the preponderance of the evidence did not support the first reason for separation. The board voted 3 to 0 that the preponderance of the evidence supported the second reason for separation.

54.    The board voted 3 to 0 to suspend separation for 12 months.

55.    The board voted 3 to 0 to characterize Mr. Lowry's characterization of service as other than honorable.

56.    After the hearing, Mr. Lowry's counsel received the Navy's favorable substance abuse screenings.

57.    On February 27, 2015, Mr. Lowry's counsel filed an administrative separation board letter of deficiency stating that the unit withheld the results from the Substance Abuse Rehabilitation Program. (Exhibit 4)

58.    Mr. Lowry's counsel argued that this evidence was relevant to Mr. Lowry's retention, rehabilitation and potential for continued service in the Navy.

59.    Mr. Lowry's counsel also argued that an other than honorable characterization of service was improper because the first incident of misconduct occurred in 2001 and the second one in was dismissed and expunged in 2010.

60.    On March 20, 2015, Mr. Lowry's counsel supplemented his letter of deficiency by also pointing out that adverse matters from a prior enlistment may not be considered in recommending or authorizing characterization of service. (Exhibit 6)

61.    On March 24, 2015, the unit recommended to characterize Mr. Lowry's service as general under honorable conditions.

62.   This recommendation was based on his honest and faithful service and success in leading multiple high-risk underwater construction projects.

63.   The recommendation acknowledged that 'adverse matter from a prior enlistment may not be considered in recommending or authorizing characterization of service' but because he failed to report his misconduct his characterization of service should be general under honorable conditions. The recommendation found no merit in all other deficiencies.

64.   The recommendation with the supporting documents was forwarded to the Navy.

65.   On November 3, 2015, Mr. Lowry's unit sent an email expressing its concern on whether Mr. Lowry's separation packet was sufficient to move forward without the erroneous enlistment charge and that if the charge were to be added the delay could be in excess of six months which would put Mr. Lowry in retirement status. (Exhibit 7)

66.   For the next 12 months, Mr. Lowry served in the Navy in accordance with the Navy's standards of conduct and performance.

67.   On March 3, 2016, the Navy discharged Mr. Lowry with a general discharge under honorable conditions after he has served for approximately 19 years and 3 months.

68.   On March 4, 2016, the Department of Veteran's Affairs diagnosed Mr. Lowry with Post-Traumatic Stress Disorder and alcohol use disorder in full remission and Traumatic Brain Injury.

**IV.E. Navy Discharge Review Board and Board for Correction of Naval Records Proceedings**

69.   On March 21, 2018, Mr. Lowry petitioned the Navy Discharge Review Board for relief.

70.   He argued that he was wrongfully discharged, and asked for back pay and entitlements, to correct his military records, and to upgrade his characterization of service.

71.     Mr. Lowry pointed out that the separation board improperly considered matters before his
        2012 enlistment when it determined his characterization of service.

72.     Also, he argued that Defendant withheld the substance abuse screening results from him
        and his service-connected medical conditions have not been properly considered.

73.     Separately from his Navy Discharge Review Board petition, Mr. Lowry also petitioned
        the Board for Correction of Naval Records in March 2018 for relief.

74.     In his Board for Correction of Naval Records petition, he argued that he was denied due
        process because the recorder – who was not a lawyer within the meaning of Article 27,
        Uniform Code of Military Justice – withheld the favorable screening results during his
        administrative separation board proceedings.

75.     Mr. Lowry requested back pay, allotments, to correct his military records and to be
        credited with 10 months of service so that he could retire from the Navy.

76.     On January 31, 2019, the Navy Discharge Review Board denied relief.

77.     The Navy Discharge Review Board explained that his unit lost trust in him because he
        did not disclose his misconduct and that it could have pursued a punitive discharge.

78.     Consistent with 32 C.F.R. § 724.111, a punitive discharge is a discharge awarded by
        sentence of a court-martial.

79.     The Board also stated that his Post Traumatic Stress Disorder was not a sufficiently
        mitigating factor to excuse or mitigate his conduct.

80.     On August 27, 2019, the Board for Correction of Naval Records denied relief.

81.     The Board for Correction of Naval Records explained that there was no error or injustice
        because Mr. Lowry failed to report his misconduct, that his Post-Traumatic Stress
        Disorder did not mitigate it and that the general characterization of service was supported
        by the information in his records.

## V.  LEGAL CLAIMS

### Count I

### (violation of 10 U.S.C. § 1169)

82. Plaintiff re-alleges and incorporates by reference the paragraphs set forth above as if each were separately restated here.

83. Section 1169 of Title 10 states that no Service member may be discharged unless as prescribed by the Secretary concerned, by a sentence of a general or special court-martial or as provided by law.

84. Department of Defense Instruction 1332.14, *Enlisted Administrative Separations* (January 27, 2014), states that the respondent has a right to submit statements on his or her behalf. The respondent may also call witnesses and may submit written or recorded matter for consideration. Enclosure 5, paragraphs 2.a.(5) and 3.e.(6) respectively.

85. Department of Defense Instruction 1332.14, states the Navy must consider the enlisted Service member's rehabilitative potential, ability to perform his or her duties effectively, and the likelihood of continuation or recurrence of the circumstances forming the basis for initiation of separation proceedings. Enclosure 4, paragraph 1.b.(4).

86. The instruction also states that isolated incidents that are remote in time have little probative value in determining whether administrative separation should be effected.

87. The Navy's own guidance, MILPERSMAN 1910-512, states that the respondent has a right to submit written or recorded matters for consideration by the board.

88. MILPERSMAN 1910-212, *Factors Considered in Retention or Separation*, states that the seriousness of the offense, the likelihood of a recurrence, potential for further service and military records should be considered when deciding on retention or separation.

89. The Navy screened Mr. Lowry for alcohol and substance abuse on August 22, 2014.

90.     On October 31, 2014, the Navy notified Mr. Lowry that he would receive additional

documentation evidence received by the command relating to his separation. (Exhibit 3)

91.     On February 2, 2015, Mr. Lowry's counsel filed a discovery request asking for any

relevant information. (Exhibit 4)

92.     Defendant failed to provide the favorable screening results to Mr. Lowry before and

during the administrative separation board proceedings. (Exhibit 4)

93.     Defendant provided them to Mr. Lowry's counsel after the separation board hearing.

94.     The administrative separation board was prevented from considering this relevant and

material evidence when it analyzed the factors of the likelihood of a recurrence, potential

for further service, ability to perform duties, and rehabilitative potential, and this was

prejudicial to Mr. Lowry.

95.     Consistent with *Brezler v. Mills* 86 F. Supp 3d 208 (2016), Defendant failed to comply

with its own discovery requirements, and separated Mr. Lowry.

96.     Defendant failed to comply with the Department of Defense and Navy separation

requirements because it failed to disclose material evidence to Mr. Lowry before his

administrative separation board that related to his continued service in the Navy.

97.     To the extent that Defendant discharged Mr. Lowry for failing to report his prior

misconduct, this is improper because Mr. Lowry was only notified that he was being

separated based on the two grounds and neither of them was failure to report.

98.     Defendant wrongfully discharged Mr. Lowry and denied his pay because Defendant did

not follow the correct procedures under Department of Defense Instruction 1332.14,

MILPERSMAN 1910-212, and MILPERSMAN 1910-512.

## Count II

### (violations of MILPERSMAN 1910-306, 1910-214, 1910-214)

99.   Plaintiff re-alleges and incorporates by reference the paragraphs set forth above as if each were separately restated here.

100.   MILPERSMAN 1910-306 states that characterization of service will be determined solely on the member's service record during the current enlistment. It states that records from prior enlistments, including court-martial convictions, or other offenses may not be used when characterizing service.

101.   MILPERSMAN 1910-214 states that adverse matters from a prior enlistment such as nonjudicial punishment and convictions by court-martial, may be considered when such records would have a direct value in determining whether separation is appropriate.

102.   MILPERSMAN 1910-214 states that adverse matters from a prior enlistment may not be considered in recommending or authorizing characterization of service.

103.   Mr. Lowry's counsel referenced MILPERSMAN 1910-214 and 1910-306 when he argued that Mr. Lowry's separation proceedings did not comply with the Navy's own rules and regulations. (Exhibit 6) This argument was specifically considered by the Navy.

104.   In addition, Mr. Lowry's convictions from 13 and 5 years ago had very little direct value when determining his retention or separation, in part, because his August 2014 Navy-administered screening determined that he did not require further treatment, and should be returned to his unit.

105.   Defendant's actions in direct contravention of its own rules and regulations violated Mr. Lowry's rights and resulted in the wrongful discharge, loss of pay, and incorrect records.

## Count III

### (Abuse of Discretion)

106.   Plaintiff re-alleges and incorporates by reference the paragraphs set forth above as if each were separately restated here.

107.   Defendant abused its discretion and acted contrary to its mandate when it denied Plaintiff the requested relief.

108.   Consistent with 10 U.S.C. § 1552, Defendant failed to meaningfully address and analyze Plaintiff's claims and it failed to abide by its mandate to remove errors and injustices.

109.   Defendant acted arbitrarily, capriciously, contrary to law and procedures, and against the substantial evidence because it failed to consider Mr. Lowry's arguments in his Navy Discharge Review Board and Board for Correction of Naval Records petitions.

110.   Instead of addressing Mr. Lowry's arguments about the withheld evidence, misconduct from 2001 and 2009 for the purpose of characterizing his service during his 2012 to 2017 period of enlistment, the reporter not being properly qualified, and whether he was required to report the convictions under the Navy regulations, the Boards summarily denied relief.

111.   The Navy Discharge Review Board and Board for Correction of Naval failed to consider and analyze MILPERSMAN 1910-212, MILPERSMAN 1910-214. MILPERSMAN 1910-306, MILPERSMAN 1910-512 and Department of Defense Instruction 1332.14.

112.   The Board for Correction of Naval Records stated that it carefully reviewed Mr. Lowry's application but it failed to explain why it was purportedly proper to withhold of the favorable substance abuse screening results under Department of Defense Instruction 1332.14 and MILPERSMAN 1910-512.

113. The withholding of the evidence prevented the separation board from properly considering Mr. Lowry's potential for future service, his rehabilitative potential, the likelihood of a recurrence of the same situation, and his characterization of service.

114. To the extent that the Boards argue that Mr. Lowry failed to disclose his prior misconduct, the Boards acted arbitrarily and contrary to law because Mr. Lowry was proposed for separation and separated for another reason, and the Boards failed to explain their reasoning. Instead of considering the four factors under MILPERSMAN 1910-212, the Boards improperly limited their analysis to concluding that the misconduct was not reported.

115. The Board for Correction of Naval Records and Navy Discharge Review Board violated their mandate by failing to meaningfully consider Mr. Lowry's arguments and evidence, and failing to correct this wrongful discharge under 10 U.S.C. § 1552.

## <u>Count IV</u>

### (Violation of MILPERSMAN 1910-222)

116. Plaintiff re-alleges and incorporates by reference the paragraphs set forth above as if each were separately restated here.

117. On February 24, 2015, the Board recommended Mr. Lowry for suspended separation for 12 months. (Exhibit 5)

118. MILPERSMAN 1910-222 states that a separation may be suspended for a period of not more than 12 months, if the circumstances of the case indicate a reasonable likelihood of rehabilitation.

119. Plaintiff continued to serve in the Navy for 12 months after the separation board recommendation without any incident and his suspended separation was never vacated.

120.   Despite the fact that Plaintiff successfully completed the period of suspension, he was still separated on March 3, 2016.

121.   This is further underscored by the fact that in November 2015 Defendant was concerned that Plaintiff should have been separated for erroneous enlistment but any corrective action would cause additional delay that would 'put him in retirement status'. (Exhibit 7)

122.   These actions demonstrate that the Navy was not interested in complying with its own regulations but instead it was set on separating Mr. Lowry under any circumstances.

123.   Based on this, these actions were arbitrary, capricious and contrary to law because Mr. Lowry has shown that he was fully rehabilitated in February 2016.

### Count V

### (violation of MILPERSMAN 1910-502)

124.   Plaintiff re-alleges and incorporates by reference the paragraphs set forth above as if each were separately restated here.

125.   MILPERSMAN 1910-502, *Administrative Board Composition*, states that in cases involving child or spouse abuse, the recorder should be a judge advocate.

126.   During the administrative separation board proceedings, Defendant attempted to separate Plaintiff for serious misconduct related to a previously closed investigation where his wife accused him of being unfaithful to her with someone below the legal age of consent while they were undergoing divorce proceedings.

127.   Defendant detailed the recorder who was not qualified under Article 27, Uniform Code of Military Justice, and therefore not a judge advocate. This recorder failed to disclose the screening results that were favorable to Mr. Lowry.

128.   Defendant acted arbitrarily, capriciously and contrary to MILPERSMAN 1910-152.

## VI.  REQUESTED RELIEF

Wherefore, Daniel W. Lowry, respectfully requests that this Honorable Court grant the following

relief against Defendant:

(1)   that the judgment be entered against Defendant to the maximum amount allowed by law

        based on the claims asserted in this complaint;

(2)   that Lowry's military records be corrected to show that Plaintiff was not discharged on

        March 3, 2016, but continued to serve without interruption on active duty;

(3)   that Mr. Lowry be credited with approximately 9 months of service so he can retire;

(4)   that all records inconsistent with the requested relief be destroyed;

(5)   that Mr. Lowry be allowed such other relief as may be deemed necessary or appropriate in

        order to accord full, just, and complete relief, and

(6)   that Mr. Lowry s earned legal fees and costs expended in pursuit of this complaint be

        reimbursed.

(7)   All other relief this Honorable Court deems proper.


Respectfully submitted,
s/Wojciech Kornacki
Wojciech Kornacki, Esq. *Of Counsel*
LAW OFFICE OF PHILIP D. CAVE
1318 Princess Street, Ste 200
Alexandria, VA 22314
Tel. 540-270-3041
mljucmj@court-martial.com
Attorney of Record
*Counsel for Plaintiff*


5 June 2020

**TABLE OF EXHIBITS**

| Number | Document | Description |
|---|---|---|
| 1 | Department of Defense Form 214, Certificate of Discharge | Certificate of Release or Discharge from Active Duty, 3 March 2016 |
| 2 | NAVADMIN 373/11 | Naval administrative message in response to the Court's ruling in *United States v. Serianne*, 69 M.J. 8 (2010) |
| 3 | Memorandum | Memorandum dated October 31, 2014, requesting counsel for Mr. Lowry |
| 4 | Letter of Deficiency | Memorandum dated February 27, 2015, detailing legal deficiencies during Mr. Lowry's separation proceedings |
| 5 | Board Findings and Recommendations | Board sheet documenting findings and recommendations |
| 6 | Letter of Deficiency Addendum | Memorandum dated March 20, 2015 detailing additional legal deficiencies during Mr. Lowry's separation proceedings |
| 7 | Email | Email dated November 3, 2015 from Captain Liberatore concerning Mr. Lowry's separation |